IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TECUMSEH BROWN-EAGLE, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Civil No. 12-314 Erie |
| ) | |
| COUNTY OF ERIE, PENNSYLVANIA, ) | |
| ) | |
| Defendant. ) | |

## Opinion

Tecumseh Brown-Eagle commenced this civil rights employment discrimination action against Defendant, the County of Erie, Pennsylvania, on December 19, 2012. Defendant filed a motion to dismiss the Complaint, to which Plaintiff responded, in part, by filing a First Amended Complaint on March 13, 2013. Defendant filed a motion to dismiss the First Amended Complaint, and in response Plaintiff, in part, sought leave to file a second amended complaint. We granted Plaintiff's motion and a Second Amended Complaint was filed on April 24, 2013.

Defendant then filed a motion to dismiss the Second Amended Complaint, and after initially missing the deadline to file a response, Plaintiff responded to the motion to dismiss on May 28, 2013. For the reasons stated herein we will grant Defendant's motion in part and deny it in part.

I.  **Relevant Factual Background**

The relevant facts as alleged in the Second Amended Complaint are as follows. Plaintiff Tecumseh Brown-Eagle is a non-Caucasian, dark-skinned male. Second Am. Compl. ¶¶ 1, 8. Mr. Brown-Eagle is of American Indian heritage, which he sometimes refers to as Native American heritage. Second Am. Compl. ¶¶ 1, 8, 12, 14, & 17.  Mr. Brown-Eagle participates in

Islam, Christian, and Jewish religious services, and refused to categorize himself into a religion. Second Am. Compl. ¶ 16. Although he refused to categorize himself into a single religion, he did engage in the study of the Mound Builders, a group of American Indians who built mounds having religious significance. Second Am. Compl. ¶ 17.

On November 3, 2010, Mr. Brown-Eagle was hired by Defendant as a Caseworker II in the Erie County Office of Children and Youth. Second Am. Compl. ¶ 9. A co-employee of Plaintiff made false allegations concerning Mr. Brown-Eagle relating to Mr. Brown-Eagle's heritage and religion and alleging that Mr. Brown-Eagle engaged in fantasy. Second Am. Compl. ¶ 11.

Defendant knew, or should have known, that the allegations were false, and further, that upon a proper investigation the allegations would have been found to be false. Second Am. Compl. ¶ 11. Defendant knew there was no substance to the allegations. Second Am. Compl. ¶ 12. Defendant relied on the false allegations to justify terminating Mr. Brown-Eagle. Second Am. Compl. ¶ 12. Defendant's investigation into the allegations was biased and was a pretext for terminating Mr. Brown-Eagle. Second Am. Compl. ¶ 14.

Defendant unlawfully terminated Mr. Brown-Eagle because he is a dark-skinned male, because he is an American Indian male, and because of his "religious practices". *See* Second Am. Compl. ¶¶ 12 & 16. Defendant does not specifically aver that he was discriminated against on the basis of race, color, gender, religion, or national heritage, but instead generically states that the Defendant's actions were in violation of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act. Second Am. Compl. ¶¶ 20 & 3.

## II.     Standard of Review

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

### III.  Discussion

Defendant moves to dismiss the Second Amended Complaint. Defendant first argues that Plaintiff has failed to state a valid claim for gender discrimination. Defendant further argues that any claim of race discrimination is precluded because Plaintiff failed to assert the claim in his complaint filed with the Equal Employment Opportunity Commission. Next, Defendant argues that Plaintiff has failed to set forth a valid claim of either National Origin discrimination or of

4

Religious discrimination. Finally, Defendant argues that Plaintiff's claim of discrimination based on color is time-barred because he failed to assert the claim in his prior Complaints.

As stated, Defendant does not specifically aver that he was discriminated against on the basis of race, color, gender, religion, or national heritage. Plaintiff's Second Amended Complaint is certainly not a model of a "short and plain statement of the claim showing that the pleader is entitled to relief" required by Federal Rule of Civil Procedure 8(a)(2). Nor does the Second Amended Complaint comply with the directive of Rule 8(d) that each allegation be "simple, concise, and direct," or the directive of Rule 10(b) that all averments set forth in a paragraph be "limited as far as practicable to a statement of a single set of circumstances."

Plaintiff's Brief in Opposition to Defendant's Brief in Support of the motion to dismiss does not help much. Plaintiff's brief is largely a recitation of the applicable law with minimal reference to the facts alleged in the Second Amended Complaint. On the first page, Plaintiff avers generally that he was terminated based on "his color, religion and national origin," but does not mention gender discrimination. P. Br. 1. On page 2, Plaintiff alleges that he is in a protected class based on his "skin color, national origin and gender," but does not mention that he is in a protected class based upon religion. P. Br. 2. Finally, the bulk of his argument only addresses his claim of discrimination based upon his color, dark-skinned, and does not refer at all to gender, national origin, or religion. Pl. Br. 3.

However, reviewing the facts of the Complaint in favor of Mr. Brown-Eagle we will assume that his intention was to assert claims for employment discrimination based on color, gender, religion, and national origin. Nowhere does Mr. Brown-Eagle attempt to assert a claim of race discrimination, separate and apart from his claim of color discrimination.

### A. Discrimination Claim based on Color

Mr. Brown-Eagle states that he is a dark-skinned non-Caucasian. He alleges that he was discriminated against on the basis of his color when Defendant terminated him based on false statements made by a co-employee.

Viewing Mr. Brown-Eagle's claim of color discrimination in a light most favorable to him, we find the following factual assertions and reasonable inferences that can be drawn from such assertions. Defendant discriminated against Mr. Brown-Eagle by conducting a biased and cursory investigation into the co-employee's statements about Mr. Brown-Eagle. Defendant then terminated Mr. Brown-Eagle because he was a dark-skinned non-Caucasian using the statements made by the co-employee as a pretext for unlawful discrimination. These allegations constitute "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s].'" Phillips, 515 F.3d at 234, quoting Twombly, 127 S. Ct. at 1965 (quotations omitted). We therefore find that Mr. Brown-Eagle has adequately pleaded a claim for relief to state a claim for color discrimination.

We disagree with Defendant's argument that Plaintiff's claim of color discrimination is barred by the statute of limitations because he failed to mention that he was "dark-skinned" in his original Complaint and Amended Complaint. In his Charge of Discrimination to the EEOC Plaintiff alleged that he was discriminated against because of his "color, dark." Charge of Discrimination, ¶ 3. As noted, Mr. Brown-Eagle's pleadings are not models of clarity and his counsel appears to rely on the bare minimum of alleged facts making the task of discerning the specific claims extremely difficult. Nonetheless, viewing the allegations in the original Complaint in favor of Plaintiff, it is apparent that he attempted to assert a discrimination claim based on color. His choice of phrase was poor, as he claimed that he was discriminated against

6

"because Defendant did not want people perceived as African American" working for them. Compl. ¶ 14. It is clear that Plaintiff was not attempting to bring a claim of discrimination based on him being "perceived as African American" in the strict sense, but was claiming, as he did in his Charge to the EEOC, that he was being discriminated against because of his color, dark-skinned. We therefore find that the claim of discrimination based on color was timely asserted. Alternatively, we would also find that Plaintiff's color discrimination claim asserted in his Second Amended Complaint would relate back to the filing of his original Complaint under the fact of this case.

### B. Gender Discrimination Claim

We find that Mr. Brown-Eagle's claim that he was discriminated against because of his gender to be insufficient to state a claim. Plaintiff alleges that he was a male and that during a four month period Defendant terminated four of five dark-skinned male employees, but did not terminate any Caucasian males and no females during this time. He also alleges that he was replaced by a non-Caucasian female, who was then terminated. Mr. Brown-Eagle's claim of gender discrimination has insufficient supporting factual assertions. In addition, he alleges that not all males were terminated and a female was terminated. These allegations tend to negate an inference that Defendants discriminated based on gender.

Mr. Brown-Eagle is obligated to provide the "grounds" on which he bases his entitlement to relief. Twombly, 550 U.S. at 555. Here, he has provided mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which the Supreme Court has concluded is insufficient to survive a motion to dismiss. Id. Mr. Brown-Eagle's claim of gender discrimination does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550

7

U.S. at 570. Because this claim is not plausible on its face and fails to raise Plaintiff's right to relief above the speculative level, we will dismiss it for failure to state a claim upon which relief can be granted. Twombly, 550 U.S. at 555 ("Factual allegations of a complaint must be enough to raise a right to relief above the speculative level.")

### C. Religious Discrimination Claim

Defendant argues that Plaintiff's claim of religious discrimination should be dismissed because Plaintiff has failed to identify a religion and therefore he is not in a protected class. Alternatively, even if he is in a protected class, Defendant argues that he has failed to sufficiently plead facts to state a valid claim. We disagree with Defendant's first argument, but agree with its second argument.

Defendant appears to argue that Mr. Brown-Eagle is required to identify a single, identifiable religion in order to assert a claim for religious discrimination. This is not true. "The determination of what is a religion or religious belief 'is more often than not a difficult and delicate task.'" Peterson v. Wilmur Communications, 205 F.Supp.2d 1014, 1018 (E.D.Wis. 2002), quoting Thomas v. Review Board of the Indiana Employment Sec. Div., 450 U.S. 707, 714 (1981). "Few tasks that confront a court require more circumspection than that of determining whether a particular set of ideas constitutes a religion." Africa v. Pennsylvania, 662 F.2d 1025, 1031 (3d Cir. 1981). The EEOC's definition of religious belief is broad, stating in relevant part as follows:

### § 1605.1 "Religious" nature of a practice or belief,"

In most cases whether or not a practice or belief is religious is not at issue. However, in those cases in which the issue does exist, the Commission will define religious practices to include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views. This standard was developed in United States v. Seeger, 380 U.S. 163 (1965) and Welsh v. United States, 398 U.S. 333 (1970). The Commission has consistently

8

> applied this standard in its decisions. The fact that no religious group espouses such beliefs or the fact that the religious group to which the individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee or prospective employee. . . .

29 C.F.R. Section 1605.1 (footnote omitted). Whether a belief is a protected religious belief under Title VII does not depend on whether it is "acceptable, logical, consistent, or comprehensible to others. . . ." Thomas, 450 U.S. at 714.

Defendant's assertion that because Plaintiff claims that he participates in religious services of the Christian, Islamic, and Jewish faith, that "he cannot possibly hold a deep religious belief in any of them" is premature, but more significantly is not the proper focus of inquiry. Instead, we must focus on whether the belief held by the Plaintiff (whatever it is) is sincerely held and is religious in the Plaintiff's scheme of things. "So long as the belief is sincerely held and is religious in the plaintiff's scheme of things, the belief is religious regardless of whether it is 'acceptable, logical, consistent, or comprehensible to others.'" Peterson, 205 F. Supp. 2d at 1019, quoting Thomas, 450 U.S. at 714. Likewise, Defendant is similarly wrong in arguing that Plaintiff's refusal to categorize himself into an identifiable religion disqualifies him from asserting a religious discrimination claim.

Having clarified that Plaintiff is not required to assert a religious belief in a single identifiable religion we turn to an examination of his Complaint to discern what religious belief he is claiming to hold. On this point, the Plaintiff's allegations are insufficient. As noted, he claims he participates in Christian, Islamic, and Jewish religious services, and that he refuses to categorize himself into a single religion. While he alleges that he "engaged in the study of the Mound Builders, a group of American Indians who built mounds having *religious significance*," he does not claim that he holds a religious belief of the Mound Builders of American Indians. Second Am. Compl. ¶ 17 (emphasis added). While he need not categorize himself into a single

religion, it is incumbent upon Plaintiff to state that he does in fact hold a sincere religious belief and include sufficient allegations to explain what that sincere religious belief is. There is nothing in the Second Amended Complaint upon which we can discern what Plaintiff's sincere religious belief is.

In addition, we agree with Defendant that Plaintiff has failed to allege sufficient facts to show that others who did not hold Mr. Brown-Eagle's sincerely held religious belief were treated more favorably than he was. Nor does he assert that he was terminated because of his religious belief, but instead he weakly states that his religious practices (whatever they are) were a "significant consideration" in his termination. We will dismiss this claim without prejudice and permit Mr. Brown-Eagle the opportunity to correct the deficiencies we have identified in an amended complaint, should he so choose.

### D. National Origin Discrimination Claim

With regard to Plaintiff's claim that he was discriminated against based on his national origin as an American Indian, we agree with Defendant that it is difficult to separate out a claim for national origin from his claim for religious discrimination. Although we have separated these claims for purpose of the motion to dismiss, we are not confident that we have properly deciphered Plaintiff's allegations by separating them into two separate claims. Nonetheless, we turn to the claim of discrimination based on national origin.

Plaintiff's claim that he was discriminated against based on his national origin suffers from similar deficiencies as those mentioned above with regard to his religious discrimination claim. In particular, he fails to provide sufficient grounds for relief and instead asserts mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Other than claiming that he is of American Indian heritage and that

Defendant did not want American Indians serving in the position he held, Plaintiff never states any details about how he was discriminated against because of his national origin. See Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 577 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") In addition, Plaintiff not only fails to allege that Defendant treated American Indians differently that non-American Indians but in fact Plaintiff alleges to the contrary that no "American Indian employees were subjected to a similar biased investigation." Second Am. Compl. ¶ 14. Thus, Plaintiff admits in his Complaint that other American Indians were not treated with the same discriminatory animus as he was. We agree with Defendant that the implication to draw from these allegations is that Defendant's investigation was *not* based on national origin.

As with his religious discrimination claim, we will dismiss Plaintiff's national origin claim without prejudice, and permit him the opportunity, should he so choose, to properly reassert the claim in an amended complaint.

## IV.   Conclusion

We have found that Plaintiff has stated a claim for discrimination based upon his color. We find no claim of gender discrimination, and we find that Plaintiff has failed to sufficiently plead a claim of discrimination based on either religion or national origin. Because we are granting the motion to dismiss for failure to state a claim upon which relief can be granted, we "must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

Accordingly, for the reasons state herein, we will enter an order granting in part and denying in part Defendant's motion to dismiss. We will deny Defendant's motion to dismiss with regard to Plaintiff's claim of discrimination based on color. We will grant the motion as to

Plaintiff's claim of gender discrimination, and we will dismiss that claim. In addition we will order the dismissal of Plaintiff's national origin and religious discrimination claims as stated above, and permit Plaintiff the opportunity to file an amended complaint in accordance with this Opinion.

We have made repeated references to how poorly drafted the Second Amended Complaint is and how difficult this makes it for opposing counsel and the Court to determine the claims in this case. This is especially troubling here because Plaintiff had already filed a similarly deficient original complaint and a similarly deficient first amended complaint before we arrived at the second amended complaint. All three complaints suffer from a lack of clarity and a failure to clearly assert the claims upon which Plaintiff claims he is entitled to relief. In addition, Plaintiff's briefs were not merely "short and to the point," but appeared to be hastily cobbled together and contain bare assertions, without argument, that the claims alleged in the complaints were sufficient. Such poor drafting delays the case and is a disservice to Plaintiff. We hope Plaintiff's counsel will attend to future pleadings with the care and concern his client deserves.

Date: *October 30, 2013*

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

## **ORDER**

AND NOW, to-wit, this ___30th___ day of October 2013, for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss (ECF No. 18) is DENIED in part, and GRANTED in part.

1. Defendant's motion to dismiss is GRANTED as to Plaintiff's claims of discrimination based on gender, religion, and national origin as follows:

    a. Plaintiff's Gender Discrimination Claim is hereby dismissed for failure to state a claim upon which relief can be granted. The Court determines that permitting amendment on this claim would be futile.

    b. Plaintiff's Religious Discrimination Claim is hereby dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff may file an amended complaint to reassert this claim.

    c. Plaintiff's National Origin Discrimination Claim is hereby dismissed without prejudice for failure to state a claim upon which relief can be granted dismissed. Plaintiff may file an amended complaint to reassert this claim.

2. Defendant's motion to dismiss is DENIED as to Plaintiff's claim of discrimination based on color. This claim may proceed.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a curative amended complaint to reassert his dismissed claims, such amended complaint must be in accord with the Opinion accompanying this Order and be filed no later than **November 13, 2013**.

IT IS FURTHER ORDERED that Defendant shall file an answer or other response to Plaintiff's amended complaint (if one is filed) no later than **November 27, 2013**; or if no amended complaint is filed, Defendant shall file its Answer to the Second Amended Complaint, as to the claim of color discrimination, no later than **November 27, 2013**.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge