IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TECUMSEH BROWN-EAGLE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil No. 12-314 Erie** |
| | ) | |
| **COUNTY OF ERIE, PENNSYLVANIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Memorandum Order**

Presently before the Court is Plaintiff Tecumseh Brown-Eagle's Motion for Extension of Time to File [Third] Amended Complaint. ECF No. 23. On October 30, 2013, in ruling on Defendant's Motion to Dismiss we dismissed Mr. Brown-Eagle's claims of Gender, Religious, and National Origin Discrimination, but permitted his claim of discrimination based on color to proceed. ECF No. 22. In accordance with our Circuit's case law we permitted Mr. Brown-Eagle the opportunity to file a curative amended complaint. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) ("We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). Thus, we ordered as follows:

> IT IS FURTHER ORDERED that if Plaintiff chooses to file a curative amended complaint to reassert his dismissed claims, such amended complaint must be in accord with the Opinion accompanying this Order and be filed no later than **November 13, 2013.**

ECF No. 22 at 13 (bold in original). In the motion for extension of time, counsel for Mr. Brown-Eagle requests an extension of time until November 25, 2013 in which to file a Third Amended Complaint presumably to reassert the dismissed claims of Religious and National Origin

Discrimination. For the following reasons we will deny the request for extension of time, and this case will proceed with Plaintiff's claim of color discrimination only.

The Complaint in this case was filed on December 19, 2012. Defendant filed a motion to dismiss the Complaint, which resulted in Plaintiff filing a First Amended Complaint on March 13, 2013. Defendant filed a motion to dismiss the First Amended Complaint. We granted Plaintiff's motion to file a Second Amended Complaint, which complaint was filed on April 24, 2013. Defendant then filed a motion to dismiss the Second Amended Complaint, and after initially missing the deadline to file a response, Plaintiff responded to the motion to dismiss on May 28, 2013. As noted we granted in part and denied in part Defendant's motion to dismiss the Second Amended Complaint, giving Plaintiff until November 13, 2013 to file a third amended complaint should he so choose. In addition, the docket text also clearly indicates that the filing deadline for a curative amendment is November 13, 2013.

Counsel missed the November 13, 2013 deadline. Plaintiff's motion to extend time was filed on November 15, 2013. In the motion, Plaintiff's counsel erroneously states that the deadline for filing a curative amended complaint was November 15, 2013. Counsel apparently misread our opinion and the docket text indicating the correct filing deadline.

Counsel justifies his request for an extension of time claiming that he "is in the process of drafting the Complaint, but needs additional time in order to research the law and obtain all of the necessary facts to properly plead the Second Amended complaint." ECF No. 23, ¶ 4. Plaintiff has already filed a Second Amended Complaint; any newly filed complaint would be a Third amended complaint. More significantly though is that counsel requests additional time to research law and obtain facts about claims that counsel filed on December 19, 2012. Presumably counsel had researched the law and the facts in his client's case sufficiently to assert several

claims of discrimination by December 19, 2012. Moreover, counsel filed two more complaints in this case in which he had additional opportunities to refine his client's claims and "research the law and obtain all of the necessary facts."

We set forth the deficiencies of Plaintiff's claims in the Second Amended Complaint. In light of the time that has passed since the filing of this action and counsel's familiarity with the case it should have been a simple matter to properly reassert the dismissed claims, if indeed they could be properly asserted. If counsel truly believes he needs 10 additional days to obtain facts (that he is not already aware of), and research relevant discrimination law (that he has not already researched) in filing the first three complaints, it can only be because there are currently no facts upon which he can assert valid claims of religious and national origin discrimination. It is this Court's determination that it would be futile to permit additional time to counsel to reassert the dismissed claims.

In addition we find that it would be inequitable to permit additional time for Plaintiff to reassert the dismissed claims. In our Opinion addressing Defendant's motion to dismiss we pointed out that all three complaints in this case were poorly drafted, suffered from a lack of clarity, and failed to clearly assert the claims upon which Plaintiff claimed he was entitled to relief. ECF No. 22, at 13. Defendant has timely responded to each of Plaintiff's complaints, and in its most recent motion to dismiss was successful in having three claims dismissed. Plaintiff was given ample time to properly reassert the dismissed claims, if indeed they could be asserted in such a way as to state a claim. It is apparent that such claims cannot properly be plead and it would be inequitable to Defendant to permit Plaintiff another attempt to reassert these claims.

Accordingly, we will deny Plaintiff's motion for extension of time.

AND NOW, to-wit, this 18th day of November 2013, for the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff Tecumseh Brown-Eagle's Motion for Extension of Time to File [Third] Amended Complaint. (ECF No. 18) be and hereby is DENIED.

Defendant's Answer to the Second Amended Complaint, as to the claim of color discrimination, remains due no later than **November 27, 2013**.

Maurice B. Cohill, Jr.

Maurice B. Cohill, Jr.
Senior United States District Judge